IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TONYA KIKER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 3:20-cv-711-ECM |
| | )            (WO) |
| | ) |
| KIMBERLY GRIZZARD, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

This cause is before the Court on a motion to remand filed by Plaintiff Tonya Kiker ("Kiker") (Doc. 5).

The case was originally filed in the Circuit Court of Macon County, Alabama, and within thirty days of filing, was removed by Defendant Kimberly Grizzard ("Grizzard") to federal district court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a).

Upon consideration of the motion and for reasons that follow, the Court concludes that the motion to remand (doc. 5) is due to be DENIED.

**II.    STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction and therefore possess only the power authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

U.S. 375, 377 (1994). Courts should presume that a case lies outside of this limited jurisdiction, and the burden of establishing the contrary should be upon the party asserting jurisdiction. *Id.* Although a defendant has the statutory right to remove in certain situations, the plaintiff is still the master of his claim. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). For that reason, the defendant's right to remove and the plaintiff's right to choose his forum are "not on equal footing." *Id.* Accordingly, the defendant's removal burden is a heavy one. *Id.* If a plaintiff fails to make a specific demand for damages in the complaint, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

A defendant may remove a case if there is complete diversity of citizenship under two circumstances. *See Sullins v. Moreland*, 2021 WL 54206, at *3 (M.D. Ala. Jan. 6, 2021)(citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010)). First, a defendant may immediately remove a case to federal court within thirty days of receipt of the initial pleadings if it is apparent that complete diversity and the required amount in controversy exist. *See* 28 U.S.C. § 1446(b)(1) (2012) (formerly called paragraph one removal). Second, if the amount in controversy was not apparent from the initial pleading, a defendant has the opportunity to remove the case within thirty days of receiving a document later establishing the requisite amount in controversy. 28 U.S.C. § 1446(b)(3) (2012) (formerly called paragraph two removal).

Therefore, in determining if the amount in controversy exists, courts must first determine which of the two removal provisions apply based on when in the life of the case it was removed. *Sullins*, 2021 WL 54206, at *3. After a court determines which applies, then the court consider the evidence appropriate under each removal action. *Id.* When a defendant removes a case within the first thirty days after receipt of the initial complaint, the court consider both the initial complaint and other evidence introduced by the defendant. *Id.* But if diversity jurisdiction is not apparent from the initial complaint but the case later becomes removable, the court may only evaluate "'the initial complaint or a later received paper [from the plaintiff]' and the notice of removal to determine whether the amount in controversy is unambiguously established." *Id.* (quoting *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213 (11th Cir. 2007)). Under either standard, the court may use "'deduction, inference, or other extrapolation' to determine whether the relevant evidence submitted by the removing party supports the existence of the required amount in controversy." *Id.* (quoting *Pretka*, 608 F.3d at 753). When the court is presented with a notice of removal without facts or specific allegations, "it may not speculate or divine 'by looking at the stars' the amount in controversy." *Id.* (quoting *Lowery*, 483 F.3d at 1209, 1215.).

### III.  FACTS AND PROCEDURAL HISTORY

The facts of this case stem from an automobile crash during which a vehicle driven by Grizzard crashed into the rear of a vehicle driven by Kiker. Kiker brings claims for

3

negligence and wantonness against Grizzard and for uninsured/underinsured motorist coverage against Defendant Progressive Casualty Insurance Company.[1]

In her complaint, Kiker does not seek a specified amount of damages. She does however, seek particular categories of damages; namely, damages for physical pain and mental anguish arising from injury to her spine and other portions of her body, including permanent injury and damage; medical expenses from doctors, physicians, and hospitals; and lost wages and income. (Doc. 1-1). She also seeks punitive damages.

The parties have engaged in settlement negotiations in this case. Kiker points to an initial settlement offer of $20,000, and Grizzard point to Kiker's demand for insurance policy limits during negotiations as supporting their positions as to the amount in controversy in this case.

## IV.   DISCUSSION

It is undisputed that complete diversity of parties exists in this case. (Doc. 5 at 2). Kiker argues, however, that the case is due to be remanded because she does not assert a specific monetary amount in her complaint, and Grizzard has not proven the $75,000 amount in controversy required by 28 U.S.C § 1332 for the Court to exercise federal diversity jurisdiction. Kiker moves for remand arguing that the insurer for Grizzard offered $20,000 to settle the case, far below the requisite amount, and her claim for underinsured

---

[1] Kiker does not raise the issue of the unanimity rule, presumably because it does not appear from the Court's docket in CMECF that there has been service of process on Progressive Insurance in this case, and a defendant that has not been served with process need not join in or consent to removal. *See GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1354 (S.D. Ala. 2003).

4

motorist coverage is not relevant to the amount in controversy because Kiker was not aware of the amount of the policy limit.

In opposing remand, Grizzard argues that Kiker's complaint meets the amount in controversy requirement for four reasons. First, Grizzard asserts that Kiker's attorney represented that she intends to seek the policy limits and the liability carrier for Grizzard has a policy limit of $100,000. Second, Grizzard notes that in rejecting a settlement offer of $80,000, the attorney for Kiker stated that "resolution requires the full 100." (Doc. 10-4). Third, Grizzard argues that by bringing an underinsured carrier claim against her insurer, Kiker concedes that she is seeking more than the policy limits. Fourth, Grizzard argues that Kiker is alleging serious bodily injuries coupled with punitive damages which are sufficient to establish the amount in controversy. (Doc. 10 at 2–3).

Upon review of the record, it appears to the Court that even without consideration of the insurance policy limits or of Kiker's claim for underinsured motorist coverage, the injuries and damages sought by Kiker in the complaint in this case are of a type that make it more likely that the required amount in controversy exists. In her complaint, Kiker seeks damages for "great physical pain and mental anguish" arising from permanent bodily injuries. (Doc. 1-1 at 3). She also seeks expenses for medical treatment and lost wages. (*Id.* at 4). She also alleges that she will continue to incur expenses for treatment from various doctors, physicians, and hospitals. (*Id.*).

The injuries identified by Kiker in her complaint are the type of injuries which courts have concluded are sufficient to establish by a preponderance of the evidence that more than $75,000 is in controversy. *See, e.g., Townsend v. Win-Holt Equip. Corp.*, 2018 WL

4608476, at *2 (M.D. Ala. 2018) (reasoning that when a plaintiff claims severe and permanent injuries that will cause pain and suffering and lost earnings, the court may reasonably consider that factor in determining whether the amount in controversy is over $ 75,000). Kiker also seeks punitive damages, which also is a factor in the consideration of the jurisdictional amount. *Id.*

In addition, in opposing remand, Grizzard has presented discovery responses by Kiker. As noted, Grizzard removed the case to federal court within the thirty-day window prescribed in § 1446(b)(1). Because this suit is governed § 1446(b)(1), Grizzard is not limited to documents "generated or compiled" by Kiker, but may consider "affidavits, declarations, or other documentation" when the amount in controversy is not facially apparent from the complaint. *Pretka*, 608 F.3d at 755. Such evidence can include evidence offered in opposing remand. *Id.* at 774.

The evidence presented by Grizzard is in the form of Kiker's response to discovery requests in which she lists Haynes Life Flight, LLC; Baptist Health; Montgomery Radiology Associates; Phenix City Spine and Joint Center; and Bridgeway Diagnostics as medical providers who have treated her for the injuries in this case. (Doc. 10-5 at 10).[2] She identifies continued pain in her head, neck, shoulder, hips, and back. (*Id.*). She further states that she has had stem cell therapy as a result of her injuries and that her doctor has told her she "likely will always have some trouble with this." (*Id.*).

---

[2] The attorneys for Grizzard represent in their brief that the total of bills produced by Kiker through discovery is $ 118,376.55. (Doc. 10 at 3).

Based on the allegations of the complaint, including the permanent injuries identified and the nature of the damages sought, and based on the evidence presented relevant to medical expenses, the Court concludes that Grizzard has met her burden of establishing that the requisite jurisdictional amount exists in this case. *See Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Ala. 2013) (finding that allegations of "severe and possibly permanent injuries," emotional suffering and pain, loss of earnings, and medical expenses were indicative that over $ 75,000 was in controversy).

### V.   CONCLUSION

For the reasons as stated, it is ORDERED that the Plaintiff's motion to remand (doc. 5) is DENIED.

DONE this 12th day of January, 2021.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE